UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------------X
HENRY MACAL, individually and on behalf of all others similarly situated,

                          Plaintiff,

         -against-

CIRTON INC. d/b/a CONTE'S PIZZA and CIRO BALDINO,

                          Defendants.
------------------------------------------------------------------------X

Civil Action No.

COMPLAINT

Plaintiff Henry Macal, individually and on behalf of all others similarly situated, by his attorneys, Katz Melinger PLLC, complaining of the defendants, Cirton Inc. d/b/a Conte's Pizza ("Conte's Pizza"), and Ciro Baldino (together, "Defendants"), respectfully alleges as follows:

## I. Nature of Action, Jurisdiction, and Venue

1. This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Internal Revenue Code, 26 U.S.C. § 7434, the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56(a) *et seq.* ("NJWHL"), and the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1, *et seq.* ("NJWPL").

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA and the Internal Revenue Code.

3. This Court has supplemental jurisdiction over the claims arising under the NJWHL and the NJWPL pursuant to 28 U.S.C. § 1367, in that the state law claims are so closely related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

1

4.     Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## II. Parties

5.     Plaintiff is an individual residing in the State of New Jersey.

6.     At all relevant times, Plaintiff was employed by Defendants as defined by 29 U.S.C. § 203(e), N.J.S.A. 34:11-56a1(h), N.J.S.A. 34:11-4.1(b), and N.J.S.A. 34:19-2.

7.     While employed with Defendants, Plaintiff was regularly engaged in interstate commerce and/or in the production of goods for commerce.

8.     Defendant Cirton Inc. d/b/a Conte's Pizza is a domestic corporation with its principal place of business located at 339 Witherspoon St, Princeton, New Jersey 08542.

9.     Defendant Ciro Baldino is an individual residing, upon information and belief, in the State of New Jersey.

10.    At all relevant times, Baldino was, and still is, an officer, director, shareholder and/or person in control of Conte's Pizza, who exercises significant control over the companies' operations and has the authority to hire, fire, and discipline employees, set employees' work schedules and conditions of employment, determine the rate and method of payment for employees, and maintain employment records.

11.    At all relevant times, Defendants were responsible for setting Plaintiff's schedule and day-to-day activities, and for supervising his performance.

12.    At all relevant times, Defendants had the power to discipline and terminate Plaintiff.

13. At all relevant times, Defendants were responsible for compensating Plaintiff.

14. At all relevant times, Plaintiff was a covered employee within the meaning of the FLSA and the NJWHL.

15. Defendants are covered employers within the meaning of the FLSA and the NJWHL and, at all relevant times, employed Plaintiff.

16. Upon information and belief, at all relevant times, Defendants' gross revenues were in excess of the minimum required to fall within the jurisdiction of the FLSA.

17. Defendants operate in interstate commerce.

18. Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

19. The First Cause of Action in this Complaint, which arises out of the FLSA, is brought by Plaintiff on behalf of himself and similarly situated persons who were employed since the date three (3) years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

20. The FLSA Collective Plaintiffs consist of no less than four (4) similarly situated current and former employees of Defendants, who work or worked in excess of forty (40) hours per week and are or were victims of Defendants' common policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime compensation and other wages.

21. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiffs and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes,

*inter alia*, failing to pay employees the applicable overtime rates for all hours worked in excess of forty (40) per week.

22. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

23. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiffs and the FLSA Collective Plaintiffs.

24. The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### IV. Factual Allegations

25. Plaintiff was employed by Defendants as a cook from in or around January 2008 until on or around May 22, 2021.

26. As a cook, Plaintiff's principal job duties included, *inter alia*, preparing pizza dough, preparing pizza, preparing sandwiches, and assembling boxes for orders.

<u>Wage and Hour Violations</u>

27. From the start of his employment until in or around February 2020, Plaintiff regularly worked seven (7) days per week, as follows: Mondays from approximately 9:00 a.m. until 9:00 p.m.; Tuesdays through Thursday from approximately 9:00 a.m. until 11:00 p.m.; Fridays from approximately 8:00 a.m. or 9:00 a.m. until 11:00 p.m., Saturdays from approximately 10:00 a.m. until 11:00 p.m.; and Sundays from approximately 4:00 p.m. until 9:00 p.m., for a total of approximately eighty-six (86) hours per week.

28. From in or around March 2020 until in or around May 2020, Plaintiff regularly worked six (6) days per week, as follows: Mondays through Saturdays from approximately 10:00 a.m. until 6:00 p.m., for a total of approximately forty-eight (48) hours per week.

29. From in or around June 2020 until in or around February 2021, Plaintiff regularly worked seven (7) days per week, as follows: Mondays from approximately 9:00 a.m. until 9:00 p.m.; Tuesdays through Fridays from approximately 9:00 a.m. until 10:00 p.m.; Saturdays from approximately 10:00 a.m. until 10:00 p.m.; and every other Sunday from approximately 9:00 a.m. until 3:00 p.m., for a total of approximately seventy-nine (79) hours per week.

30. From in or around March 2021 until the end of his employment, Plaintiff regularly worked seven (7) days per week, as follows: Mondays from approximately 9:00 a.m. until 4:00 p.m., Tuesdays through Thursdays from approximately 9:00 a.m. until 5:00 p.m., Fridays and Saturdays from approximately 9:00 a.m. until 11:00 p.m.., and every other Sunday from approximately 9:00 a.m. until 3:00 p.m., for a total of approximately sixty-one (61) hours per week.

31. Throughout his employment with Defendants, Plaintiff was not afforded meal or rest breaks.

32. Defendants neither tracked the hours Plaintiff worked nor required Plaintiff to record his time.

33. From in or around January 2008 until in or around March 2009, Defendants paid Plaintiff at a fixed hourly rate of $9.00 per hour for all hours worked per week.

34. From in or around April 2009 until in or around May 2018, Defendants paid Plaintiff at a fixed hourly rate of $11.00 per hour for all hours worked per week.

35. From in or around June 2018 until in or around December 2019, Defendants paid Plaintiff at a fixed hourly rate of $12.00 per hour of all hours worked per week.

36. From in or around January 2020 until in or around May 2021, Defendants paid Plaintiff at a fixed hourly rate of $15.00 per hour for all hours worked per week.

37. Plaintiff was a non-exempt employee pursuant to the FLSA and NJWHL and was entitled to overtime compensation for all hours worked in excess of forty (40) per week.

38. Although Plaintiff regularly worked more than forty (40) hours per week during his employment with Defendants, Defendants failed to compensate Plaintiff with the proper overtime wages at a rate of one and one-half times his regular hourly rate or the statutory minimum wage, whichever is greater, for hours worked in excess of forty (40) per week.

39. Defendants violated federal and state law by willfully failing to pay Plaintiff the applicable overtime wages for all hours worked in excess of forty (40) per week.

40. Defendants' refusal to pay Plaintiff all wages owed to him is an intentional and willful violation of the FLSA and New Jersey's wage laws.

41. Plaintiff sustained damages from the acts and omissions described herein.

<u>IRS Violations</u>

42. From the start of Plaintiff's employment until in or around May 2020, Defendants provided Plaintiff his wages partially in cash, without any withholdings for federal, state, and local taxes, and partially in check with withholdings for federal, state, and local taxes.

43. Defendants issued Internal Revenue Service ("IRS") W-2 Forms to Plaintiff for the tax years 2010 through 2020 that only reflected the wages Defendants paid to Plaintiff via check during each such year.

44. As a result, the W-2 Forms that Defendants issued to Plaintiff for tax years 2010 through 2020 did not reflect all wages that Defendants paid to Plaintiff during each such year.

45. Upon information and belief, Defendants filed the W-2 Forms issued to Plaintiff for the tax years 2010 through 2020 with the IRS.

46. Defendants willfully filed false information returns with the IRS as to Plaintiff's wages, in violation of 26 U.S.C. § 7434.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVUDALLY, AND THE FLSA COLLECTIVE PLAINTIFFS
(*Overtime Violations under the FLSA*)

47. Plaintiff, individually and on behalf of the FLSA Collective Plaintiffs, repeats and realleges all prior allegations.

48. Pursuant to the applicable provisions of the FLSA, Plaintiff and the FLSA Collective Plaintiffs were entitled to overtime compensation of one and one-half (1.5) times their regular hourly rate of pay or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

49. Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

50. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages of one and one-half (1.5) times their regular hourly rate of pay or the minimum wage, whichever is greater, for each hour worked in excess of forty (40) hours in a week.

51. As a result of Defendants' violations of the law and failure to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime wages, Plaintiff and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

52. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and the FLSA Collective Plaintiffs are entitled to liquidated damages equal to one hundred percent (100%) of the total overtime wages due to them.

53. Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF
*(Overtime Violations under the New Jersey Wage and Hour Law)*

54. Plaintiff repeats and realleges all prior allegations.

55. Pursuant to the applicable provisions of N.J.S.A. 34:11-56a(4), Plaintiff was entitled to overtime wages of one and one-half (1.5) times his regular hourly rate of pay or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

56. Plaintiff regularly worked in excess of forty (40) hours per week during his employment with Defendants.

57. However, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half (1.5) times his regular hourly rate of pay or the minimum wage, whichever is greater, for each hour worked in excess of forty (40) per week.

58. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with reasonable attorneys' fees, interest, and costs.

59. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages in an amount equal to two hundred percent (200%) of his unpaid overtime wages.

60. Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of Plaintiff's unpaid overtime wages, liquidated damages, attorneys' fees, interest, costs, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF
*(Failure to Timely Pay Wages in Violation of New Jersey Wage Payment Law)*

61. Plaintiff repeats and realleges all prior allegations.

62. At all relevant times, Defendants failed to pay Plaintiff the full amount of overtime wages due to him, at least twice during each calendar month, on regular paydays designated in advance, in violation of N.J.S.A. 34:11-4.2.

63. Defendants failed to pay Plaintiff all overtime wages due to him, not later than the regular payday for the pay period in which his employment concluded, in violation of N.J.S.A. 34:11-4.3.

64. As a result of Defendants' violations of the law and failure to pay Plaintiff all wages due in a timely manner, Plaintiff has been damaged and is entitled to recover from Defendants all unpaid wages, along with interest and costs.

65. Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action in the amount of his unpaid wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF
*(Fraudulent Filing of Information Returns under 26 U.S.C. § 7434)*

66. Plaintiff, repeats and realleges all prior allegations set forth above.

67. Throughout the relevant period, Defendants paid Plaintiff his wages partially or fully in cash, without any withholdings for federal, state, and local taxes, and partially in check with withholdings for federal, state, and local taxes.

68. Defendants provided Plaintiff with a copy of the IRS Form W-2 that Defendants filed with the IRS each calendar year, which reflected only the wages paid to Plaintiff via check.

69. An IRS Form W-2 is an information return as defined by 26 U.S.C. § 6724(d)(1).

70. Defendants were aware of their duty to accurately report to the IRS all wages paid to Plaintiff.

71. Defendants were aware that the IRS Forms W-2 they issued to Plaintiff and filed with the IRS did not reflect the wages that Defendants paid to Plaintiff in cash.

72. Defendants reported fraudulent information to the IRS in violation of 26 U.S.C. § 7434 by filing IRS Forms W-2 with false information regarding the wage payments made to Plaintiff, thereby decreasing Defendants' tax liability.

73. As Defendants willfully filed fraudulent information returns in violations of 26 U.S.C. § 7434, Plaintiffs is entitled to damages in an amount equal to the greater of $5,000.00 for each fraudulent information return or the sum of any actual damages sustained by Plaintiff, along with the costs of this action and reasonable attorneys' fees.

74. Judgment should be entered in favor of Plaintiffs and against Defendants on the Fourth Cause of Action in an amount equal to the greater of $5,000.00 for each fraudulent information return or the sum of any actual damages sustained by Plaintiff for each fraudulent information return, the costs of this action, and reasonable attorneys' fees.

**WHEREFORE** Plaintiff prays for relief as follows:

a) On the First Cause of Action on behalf of Plaintiff and the FLSA Collective Plaintiffs for all overtime wages due to Plaintiff and the FLSA Collective Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b) On the Second Cause of Action for all overtime wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c) On the Third Cause of Action for all unpaid wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

d) On the Fourth Cause of Action for damages in the amount equal to the greater of $5,000.00 for each fraudulent information return or the sum of any actual damages sustained by Plaintiff as well as all reasonable attorneys' fees in an amount to be determined by this Court;

e) interest;

f) costs and disbursements; and

g) such other and further relief as is just and proper.

Dated: New York, New York
July 21, 2022

                                            KATZ MELINGER PLLC

                                            By: */s/ Nicole Grunfeld*
                                            Nicole Grunfeld, Esq.
                                            370 Lexington Avenue, Suite 1512
                                            New York, New York 10017
                                            t: (212) 460-0047
                                            f: (212) 428-6811
                                            ndgrunfeld@katzmelinger.com
                                            *Attorneys for Plaintiff*